IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER T. PHELPS,            )
                                  )
          Plaintiff,              )
                                  )
vs.                               )    CIVIL NO. 07-307-GPM
                                  )
GARY TYNER, *et al.*,             )
                                  )
          Defendants.             )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, formerly an inmate in the Williamson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## EXCESSIVE FORCE

Plaintiff first alleges that in June 2006, Defendants Weir and Dunnigan assaulted him without provocation or justification. This assault resulted in numerous bruises and abrasions, as well as a broken nose and badly injured arm.

The law is clear that intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7.

Applying these standards to the allegations in the amended complaint, the Court is unable to dismiss any portion of this claim against Weir and Dunnigan.

## DENIAL OF MEDICAL CARE

Plaintiff next claims that Weir and Dunnigan refused to summon the medical personnel to examine him, despite the obvious injuries he sustained. During the next shift, Plaintiff spoke with Defendant Doe about medical care. Doe told him that the nurse would not come in until Monday, so he would have to wait. Plaintiff suffered in pain for the next two days without any medical care. When Defendant Lynn saw him, she did a cursory examination of his bruised and swollen arm, but refused to order an x-ray. Lynn then sent Plaintiff back to his cell, canceled an appointment Plaintiff had scheduled with the jail's doctor, and did not provide him with any treatment for his pain and injuries.

> A state official violates the due process rights of a pretrial detainee when she acts with deliberate indifference toward the detainee's serious medical needs. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991); *Salazar v. City of Chicago*, 940 F.2d 233, 239 (7th Cir. 1991). The Seventh Circuit has observed that "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. *Brownell*, 950 F.2d at 1290. In this sense, the due process standard is analogous to that utilized in the Eighth Amendment context, where prison officials may be found liable for disregarding a substantial risk to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In both cases, the relevant inquiry is whether the official actually knew about the plaintiff's condition, not whether a reasonable official should have known. Compare *Brownell*, 950 F.2d at 1291 (applying a subjective standard in the Fourteenth Amendment context) with *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970 (applying a subjective standard in the Eighth Amendment context).

*Qian v. Kautz*, 168 F.3d 949, 955-56 (7th Cir. 1999).

Based on these standards, the Court is unable to dismiss Plaintiff's medical care claims against Weir, Dunnigan, Doe, or Lynn at this point in the litigation.

### SUPERVISORY LIABILITY

Plaintiff's final claim is that Defendant Tyner is liable because he failed to take disciplinary action against his staff for prior incidents of abuse against inmates. These allegations present, at best, a claim of negligence, but a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Furthermore, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir.

1981).

Accordingly, Defendant Tyner is dismissed with prejudice from this action.

**APPOINTMENT OF COUNSEL**

Plaintiff requests that the Court appoint him counsel (Doc. 5). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff states that he contacted three attorneys in an attempt to obtain counsel; one declined his request, while the other two have yet to respond. Under the circumstances, these efforts could be considered "a reasonable attempt."

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's claims are not that factually complex, as discussed above. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Plaintiff's pleadings in this case, this Court concludes that, at this time, Plaintiff appears to be competent to litigate his case. Therefore, Plaintiff's motion for the appointment of counsel is **DENIED** without prejudice.

**SUMMARY**

**IT IS HEREBY ORDERED** that Defendant **TYNER** is **DISMISSED** with prejudice from this action.

**IT IS ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **WEIR, DUNNIGAN,** and **LYNN** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk of Court is **DIRECTED** to send Plaintiff THREE (3) USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **<u>Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.</u>**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WEIR, DUNNIGAN,** and **LYNN**.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the amended complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WEIR, DUNNIGAN,** and **LYNN** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Williamson County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's

last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the County pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or their counsel. Any paper received by a district judge or magistrate judge which has

not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 03/24/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge