**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHRISTOPHER T. PHELPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07-cv-0307-MJR** |
| | ) | |
| **GARY TYNER, WILLIAM WEIR,** | ) | |
| **JOSHUA DUNNIGAN, MARILYN** | ) | |
| **LYNN and GARY LADNER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Before the Court are motions to dismiss filed by Defendants Marilyn Lynn (Doc. 52),

Gary Tyner (Doc. 76) and Gary Ladner (Doc. 77). Defendants move to dismiss Plaintiff Christopher

Phelps's Second Amended Complaint (Doc. 47). The motions are opposed (Docs. 56, 91, 92).

Because Phelps is proceeding without representation, the Court liberally interprets

his allegations. Well-pleaded facts are accepted as true and all inferences are drawn in Phelps's

favor. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain

statement of the claim showing that the pleader is entitled to relief." Phelps must allege enough

facts to suggest that there are plausible grounds for relief. ***Bell Atlantic Corp. v. Twombly***, **550 U.S.**

**544 (2007)**.

      **A.**     **State Law Claim – Medical Negligence**

In Defendant Lynn's motion, she challenges the sufficiency of Phelps's state law

medical negligence claim. Lynn gleans the existence of a state law claim from the following

statement, "The failure of defendant [Lynn] in the above described actions constitutes the tort of

1

negligence under state law." (Doc. 47, p. 11). Lynn challenged the same allegation in a prior motion. Her argument was deemed moot after Phelps expressly represented that he was seeking relief under the standard applicable to § 1983 claims (Doc. 38). In responding to the present motion, Phelps is less clear about his intention to seek relief under the standard supplied by state law. Rather than concede that he is not making a state law claim, Phelps maintains that the prior motion was properly resolved. In the absence of clarification, the Court gives the allegation a liberal interpretation and assumes that Phelps is pursuing a remedy provided by state negligence law.

Phelps alleges that he received insufficient medical attention from Lynn after suffering an arm injury on June 17, 2006. He claims that Lynn negligently performed her nursing duties in these respects: failing to properly evaluate the severity of Phelps's condition, delaying medical attention for two days, failing to offer or provide any treatment, and cancelling a scheduled appointment with a physician.

Lynn seeks dismissal of the state law medical negligence claim on the basis that it is not supported by the affidavit and report required by 735 ILCS 5/2-622. Claims based on Illinois medical negligence laws must be supported by an affidavit and certificate of merit prepared by a health professional. As Lynn points out, the statutory requirement is a substantive rule that applies when medical negligence claims are brought in federal court. *See Sherrod v. Lingle*, **223 F.3d 605, 613 (7th Cir. 2000)**. Although dismissal is mandatory, the Court has discretion to dismiss without prejudice in order to provide the Phelps further opportunity to comply with the statute. *Id.*; *McCastle v. Sheinkop*, **121 Ill.2d 188 (Ill. 1987)**.

Because Phelps has not filed the affidavit and certificate of merit, he cannot proceed against Lynn on his state law claim of medical negligence. As there is no indication in Phelps's response that he plans to comply with the state law requirement in the near future, the state law

claim will be dismissed with prejudice.

### B. Untimely Service

Defendant Tyner challenges the timeliness of service of process, claiming that 258 days expired between the time he was sued and the time he was served with summons on December 18, 2008. Phelps challenges the accuracy of the time computation, pointing out that his claim against Tyner was initially dismissed, then reinstated.

Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service is not made within 120 days, the court must dismiss without prejudice claims against that defendant or order that service be effected within a specified time, provided that, if there is a showing of good cause, the time for service must be extended for an appropriate period. **Fed. R. Civ. P. 4(m)**.

Phelps's claim against Tyner was misread and dismissed upon threshold review (Doc. 10). Phelps's obligation to effect service on Tyner did not arise until October 30, 2008, when the error was corrected and Tyner was reinstated as a party (Docs. 46, 47). The date of service – December 18, 2008 – falls well within the applicable 120-day period. In these circumstances, service was effected in a timely manner, and Tyner's motion must be denied.

### C. Statute of Limitations

Defendant Ladner seeks dismissal on the basis that the claim asserted against him is barred by the applicable 2-year statute of limitations. Phelps takes the position that the claim was timely filed against "John Doe," who was later properly identified as Ladner.

Phelps alleges that Ladner failed to obtain medical care or mental health care after learning that Phelps had potentially serious medical needs. Phelps's claim against Ladner accrued on June 17, 2006, the date Phelps knew he had been injured. ***Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994)**. The parties correctly identify the statute of limitations for § 1983 claims as two

years.  *See Ashafa v. City of Chicago*, **146 F.3d 459, 462 (7th Cir.1998)**.  Hence, the limitations period expired on June 17, 2008.

Phelps added this claim to his Amended Complaint, naming John Doe on February 23, 2008 (Doc. 9).  Phelps was allowed to amend again in order to substitute Ladner for John Doe on October 30, 2008.  The date of the last amendment falls well beyond the 2-year limitations period (Doc. 47).

Although Phelps does not cite authority for his position, the Court believes he is relying on the relation-back doctrine.  The relation-back doctrine applies when there has been a *mistake* as to the identity of the proper party, and the proper party knows or should know about the error.  The doctrine does not apply when the identity of the proper party is simply unknown.  **Fed. R. Civ. P. 15(c)(a)(C); *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (explaining that there was no relation back where the plaintiff did not mistakenly sue the wrong party but rather had "a simple lack of knowledge of the identity of the proper party.")**.  As in *King*, here, Phelps did not mistakenly sue John Doe; rather, he did not know Ladner's identity.  The recent amendment was filed beyond the 2-year limitations period and does not relate back to the Amended Complaint.  Consequently, the claim against Ladner is time-barred, and his motion to dismiss must be granted.

### Conclusion

For the above-stated reasons, the Court **GRANTS** Defendant Marilyn Lynn's motion to dismiss (Doc. 52) and **DISMISSES with prejudice** Phelps's state law medical negligence claim

against Lynn.  The Court **DENIES** Defendant Gary Tyner's motion to dismiss (Doc. 76).  Finally, the Court **GRANTS** Defendant Gary Ladner's motion to dismiss (Doc. 77) and **DISMISSES with prejudice** Phelps's § 1983 claim against Ladner.  Because this is the only claim against Ladner, he is terminated as a Defendant in this action.

> **IT IS SO ORDERED.**

> **DATED this 23rd day of June, 2009.**

> s/Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**